**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE DAVID CHAJON-REYES, AKA David Chagon, AKA David Chajon, AKA Jose David Chajon, AKA David Jose Reyes, | No. 15-73111 |
| Petitioner, | Agency No. A092-353-800 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 28, 2023**

Before: O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Jose Chajon-Reyes petitions for review of a final order of removal denying

his applications for statutory withholding of removal and relief under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(1). We review the denial of relief from removal for substantial evidence, *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005), and the due process claim de novo, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We lack jurisdiction to consider the unexhausted procedural due process claim. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). However, we have jurisdiction to consider whether the record contains an indicia of mental incompetency because the Board *sua sponte* considered the issue. *Kin v Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010). We dismiss the unexhausted claim and deny the petition for review.

Petitioner's argument that the Board should not have applied *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011), to determine whether the record contains an indicia of mental incompetency lacks merit. This court has "endorsed" the Board's decision and standards. *Salgado v. Sessions*, 889 F.3d 982, 989 (9th Cir. 2018). The record does not support petitioner's claim that the Board should have remanded for a competency determination. The record shows that petitioner understood the nature of the proceedings and was able to focus on and answer the immigration judge's questions. There is no evidence of mental illness, a high level of distraction, or an inability to stay on topic that might trigger a competence determination. *See id.* at 987 (setting forth the standards).

The Board's denial of statutory withholding of removal and CAT protection is supported by substantial evidence. Petitioner's fear of possible gang violence because he walks with confidence and has a small tattoo on his wrist is not fear on account of a protected ground. *See Zetino*, 622 F.3d at 1016 (holding that fear of gang violence because gang members might mistake the petitioner's tattoo as a sign of gang membership is not fear on account of a protected ground); *Arteaga v Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007) (holding that "tattooed gang member" is not a social group and rejecting a claim that former gang tattoos mark the petitioner for potential gang persecution). Nor is petitioner's fear of gang violence sufficient to establish eligibility for CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (holding that fear of generalized criminal violence does not establish that it more likely than not that a petitioner will be tortured); *Medina-Rodriguez v Barr*, 979 F.3d 738, 750-51 (9th Cir. 2020) (holding that evidence that gang tattoos might increase the probability of gang recruitment is insufficient to show eligibility for CAT relief).

**PETITION FOR REVIEW DISMISSED AND DENIED.**